UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:05-cv-1229-T-23MSS

MORGAN STANLEY DW INC. f/k/a DEAN WITTER REYNOLDS, INC., a Delaware corporation,

        Plaintiff,

vs.

ELIZABETH H. HOWARTH, individually, and JOY H. TAPPER, individually,

        Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

The plaintiff, **MORGAN STANLEY DW, INC. f/k/a DEAN WITTER REYNOLDS, INC. ("MORGAN STANLEY")**, files an emergency motion (Doc. 2) for a temporary restraining order and preliminary injunction. Upon consideration of the complaint (Doc. 1), the emergency motion (Doc. 2) for a temporary restraining order and preliminary injunction, the supporting affidavit (Doc. 7), the plaintiff's memorandum (Doc. 4) and supplemental memorandum (Doc. 5) in support of the emergency motion and the defendant's "summary memorandum in opposition to the plaintiff's request for a temporary restraining order and a preliminary injunction" (Doc. 10), the Court finds MORGAN STANLEY alleges facts sufficient to show a likelihood that:

    1.    The rights of **MORGAN STANLEY** with respect to its property, proprietary and confidential information, competitive interests, and employment contracts with defendants **ELIZABETH H. HOWARTH ("HOWARTH") and JOY H. TAPPER ("TAPPER")** are being and may continue to be violated by the defendants unless the defendants are restrained.

2. **MORGAN STANLEY** will suffer irreparable harm and loss if **HOWARTH** and **TAPPER** are permitted to: (a) convert property of **MORGAN STANLEY** to their own personal use and benefit, and that of their new employer, **MERRILL LYNCH**, and (b) solicit **MORGAN STANLEY** clients to transfer their business to a competitor firm and if the defendants are not immediately enjoined without further notice or hearing.

3. **MORGAN STANLEY** has no adequate remedy at law.

4. Greater injury will be inflicted upon **MORGAN STANLEY** by the denial of temporary injunctive relief than would be inflicted upon the defendants by the granting of such relief.

Accordingly:

1. The plaintiff's emergency motion for temporary restraining order is **GRANTED** and is effective as of the date and time indicated at the end of this order. The plaintiff shall post security with the Clerk of this Court in the amount of **$20,000.00 on or before July 8, 2005.**

2. **HOWARTH and TAPPER** be immediately enjoined and restrained, directly and indirectly, whether alone or in concert with others, including any officer, agent, employee, or representative of **MERRILL LYNCH**, until hearing and thereafter until further order of this Court, from doing any of the following:

(a) Soliciting or otherwise initiating any further contract or communication with any client of **MORGAN STANLEY** whom **HOWARTH and TAPPER** served or whose name became known to **HOWARTH and TAPPER** while in the employ of **MORGAN STANLEY**, for the purpose of advising said clients of their new affiliation or for the purpose of inviting, encouraging or requesting the transfer of any accounts or business patronage from **MORGAN STANLEY** (excluding **HOWARTH and TAPPER's** family and relatives and any

customers serviced by **HOWARTH and TAPPER** as Series 7 registered representatives prior to their respective employment at **MORGAN STANLEY**),

    (b)  Soliciting or otherwise initiating any further contact or communication with any client of **MORGAN STANLEY** whose records or information **HOWARTH and TAPPER** used in violation of their Employment Agreement. This specifically includes any client whom **HOWARTH and TAPPER** may have contacted by mail. phone or otherwise through the use of any information obtained by **HOWARTH and TAPPER** while in the employ of **MORGAN STANLEY** (excluding **HOWARTH and TAPPER**'s family and relatives and any customers serviced by **HOWARTH and TAPPER** as Series 7 registered representatives prior to their respective employment at **MORGAN STANLEY**),

    (c)  Using, disclosing, or transmitting for any purpose. including solicitation of said clients, the information contained in the records of **MORGAN STANLEY** or concerning its clients, including, but not limited to, the names, addresses. and financial information of said clients; and

    (d)  Destroying, erasing, or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in **HOWARTH and TAPPER**'s possession or control which were obtained from or contain information derived from any **MORGAN STANLEY** records. which pertain to **MORGAN STANLEY** clients whom **HOWARTH and TAPPER** served or whose names became known to the defendants while employed by **MORGAN STANLEY**, or which relate to any of the events alleged in the complaint in this action.

3. **HOWARTH and TAPPER**, and anyone acting in concert or participation with **HOWARTH and TAPPER**, specifically including **HOWARTH and TAPPER**'s counsel and any agent, employee, officer or representative of **MERRILL LYNCH**, are further ordered to return to **MORGAN STANLEY**'s Florida counsel any records, documents or other types of information pertaining to **MORGAN STANLEY** customers ("Customer Information"), whether in original, copied, handwritten, computerized (including computer software, disks, computer hard drive or any other type of computer or digital information storage device) or memorialized in any other form, within twenty-four (24) hours of notice to **HOWARTH and TAPPER** or their counsel of the terms of this order.

4. Any Customer Information within the possession, custody or control of **HOWARTH and TAPPER** that is contained in any computerized form, including on computer software, disks, computer hard drive, or any other type of computer or digital information storage device, returned pursuant to paragraph 3 above shall be permanently deleted by a **MORGAN STANLEY** representative. Such Customer Information shall be permanently deleted, if possible, without affecting any other information or software on the computer. **HOWARTH and TAPPER** and anyone acting in concert with **HOWARTH and TAPPER**, are precluded from reconstructing or any way restoring any Customer Information deleted pursuant to this paragraph and returned to **MORGAN STANLEY** pursuant to paragraph 3 above.

5. In accordance with Rule 65(b), F.R.Civ.P., this order shall remain in full force and effect for ten (10) days, at which time it shall expire by its terms unless extended by this

Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.[1]

6. The plaintiff is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

7. Pending a preliminary injunction hearing, and pursuant to the requirements of Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed expeditiously with an arbitration pursuant to Rule 10335(b) of the National Association of Securities Dealers Code of Arbitration Procedure.

8. This temporary restraining order shall expire as set forth in Paragraph 5, above, unless extended by order of this Court.

A hearing on the motion (Doc. 2) for a preliminary injunction is scheduled for **Friday, July 8 at 1:30 p.m.** before the Honorable Steven D. Merryday in Courtroom 15A, United States Courthouse, 801 North Florida Avenue, Tampa, Florida, 33602

ORDERED in Tampa, Florida, on __July 1st__, 2005 at 3:30 p.m.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] The Court, in its discretion, determines that the ten-day limit on a temporary restraining order, Rule 65(b), F.R.Civ.P., applies "even to an order granted when notice has been given to the adverse party but there has been no hearing." 11A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2951. Notice with no opportunity for a hearing offends due process and fails to justify an indeterminate injunction. 11A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2951, 2953.